UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| International Union of | : | |
| Police Associations Local 6020, | : | CASE NO. 26-14757 (SMG) |
| | : | |
| DEBTOR. | : | |

**DEBTOR'S EXPEDITED MOTION FOR RELIEF FROM STAY TO PERMIT APPEAL OF DOE JUDGMENT TO PROCEED AND REQUEST FOR EXPEDITED HEARING**

***Exigent Circumstances: Debtor's initial brief in the pending appeal is due on or before June 1, 2026, and relief from stay is necessary on an expedited basis.***

Debtor, the International Union of Police Associations Local 6020 ("Debtor Local 6020"), by counsel, pursuant to section 362(d)(1) of the Bankruptcy Code,[1] hereby moves (the "Motion"), for entry of an order modifying the automatic stay to permit the Debtor to prosecute to conclusion the appeal of the judgment (the "Doe Judgment"), which is pending before the Fourth District Court of Appeal and has been assigned Case No. 4D2026-0865 (the "Appeal"). In support of this Motion, the Debtor states as follows:

**Factual Background**

1. On April 16, 2026 (the "Petition Date"), Debtor Local 6020 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

2. Debtor Local 6020 continues to operate and manage its property and financial affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

3. Before the Fourth District Court of Appeal of Florida, Debtor Local 6020 is presently appealing (case no. 4D2026-0865) a $750,000 judgment rendered by the Seventeenth Judicial Circuit/Broward Circuit Court in favor of Jane Doe in the matter *Doe v. Voudy* (case no. CACE22016316). Attached as **Exhibit 1** is the final judgment entered against Debtor Local 6020 in *Doe v. Voudy*; and as **Exhibit 2** is Debtor Local 6020's notice of appeal. Relief under Chapter 11 allows the debtor to continue to operate while pursuing this appeal. The cost of a supersedeas bond would have greatly strained Debtor Local 6020's cash flow and impaired its ability to operate and continue to serve its members. The bankruptcy allows Debtor Local 6020 to prosecute the appeal and to propose a plan that will pay, over time, 100% of the claims of creditors that are ultimately allowed, including any claim of the judgment creditor, should Debtor Local 6020 not prevail on the appeal.

4. Prior to the petition date, Debtor Local 6020 was named as co-defendant in *Doe v. Voudy*.

5. The plaintiff ("Doe") alleged she worked with the Broward Sheriff's Office Department of Law Enforcement Local #6020, Corp. (the "Corporation") as a labor and relations agent and that Defendant, Frank V. Voudy ("Mr. Voudy"), secretary and treasurer of the Corporation, was Doe's supervisor. Doe alleged that in May 2021, the International Union of Police Associations ("IUPA International") paid for Doe and Mr. Voudy to attend a law enforcement union conference in Las Vegas as representatives of the Corporation and IUPA. Although the evidence showed that the Corporation paid for their attendance at the conference, neither were IUPA employes or agents, and they were not representing IUPA at the seminar nor were they controlled or directed by IUPA. Debtor Local 6020 was alleged to be liable as a successor-in-interest to the Corporation.

6. Doe alleges she was sexually assaulted by Mr. Voudy after the scheduled conference events, and that he took photos of her while she was passed out and thereafter published the photos to others. Her claims against all three union defendants – the Corporation, IUPA International and Debtor Local 6020 – were the same: (1) negligent hiring, supervision and/or retention of Mr. Voudy as their employee; (2) negligence for failing to supervise Mr. Voudy; (3) battery based on vicarious liability for Mr. Voudy's actions; and (4) violation of the Florida Civil Rights Act (FCRA) based on allegations of sexual harassment.

7. The claims against Debtor Local 6020 were based on the theory that it was a successor-in-interest to the Corporation. Each claim was contested at trial, but the jury found in Doe's favor in all respects. The jury awarded $1,000,000 against Mr. Voudy. As to union defendants, it found the Corporation (which was now a dissolved entity) 0% at fault; the Debtor Local 6020 25% at fault; and IUPA International 75% at fault.

8. On March 6, 2026, the Circuit Court entered an Amended Final Judgment in favor of plaintiff and against Debtor Local 6020 in the amount of $750,000 (the "Doe Judgment"). Debtor Local 6020 timely filed its appeal of the Amended Final Judgment, but the appeal is stayed by virtue of the filing of this bankruptcy case.

9. On appeal, Debtor Local 6020 challenges the Doe Judgment asserting that the Circuit Court:

a. allowed the jury to consider claims that do not exist, namely specific negligent retention and negligence theories;
b. allowed the jury to consider the liability against Debtor Local 6020 against whom no claims are raised;
c. allowed the jury to consider claims that were not raised in the pleadings, namely a retaliation theory;

d. allowed the jury to consider the applications of a statute that, based upon plain record evidence at trial, was inapplicable, specifically the FCRA;

e. imposed a strict liability standard on employers for battery by an alleged agent;

f. allowed the jury to consider claims for liability for which there was no evidentiary support;

g. allowed the jury to find damages awarded on scant, conclusory and speculative testimony, devoid of causation evidence;

h. allowed the jury to impermissibly award the same damages multiple times for the same counts against all defendants; and

i. provided the jury with a Verdict Form that introduced new theories of liability, impermissibly broadened the scope of potential liability and permitted double-recovery while being so ambiguous as to make the jury's true intent undiscernible and the verdict unenforceable.

**Request for Relief and Supporting Memorandum of Law**

10. Debtor Local 6020 requests the entry of an order modifying the automatic stay to permit the Appeal of the Doe Judgment to proceed and to allow Debtor Local 6020 to prosecute the Appeal to its conclusion.

11. The automatic stay prescribed by section 362(a) applies to "the commencement or continuation … of a judicial … proceeding against the debtor."[2] But, the automatic stay does not apply to a proceeding brought by the debtor that inures to the benefit of the estate.[3]

12. Most courts, including at least six federal circuits, have held in the context of an appeal, the automatic stay applies if the original proceedings were against the debtor, as they are in this case.[4] However, as acknowledged by the court in *Kozich*,

---

[2] 11 U.S.C. § 362(a)(1).

[3] *Farley v. Henson*, 2 F.3d 273, 274-75 (8th Cir. 1993) (citing *Merchants & Farmers Bank of Dumas, Ark. v. Hill*, 122 B.R. 539, 541 (E.D. Ark. 1990)).

[4] *Id. See also Kozich v. Cavallaro (In re Kozich)*, 406 B.R. 949, 953 (Bankr. S.D. Fla. 2009). *See also National Medical Imaging, LLC v. Lyon Fin. Servs., Inc.*, No. 3D20-730, 2021 WL 113382, 4 (Fla. 3d DCA 2021) (citing *Ellison v. Northwest Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983) (automatic stay applied to appeal against appellee-defendant-debtor)).

> The determination of whether an action is truly "against the debtor" can become blurred when the debtor initiates an action but it is the defendant who subsequently appeals or initiates a counterclaim.[5]

13. To eliminate any confusion, as Debtor Local 6020 did not initiate the Doe Litigation but is the party who initiated the Appeal, the Debtor Local 6020 seeks the entry of an order modifying the automatic stay to allow the Appeal to proceed, to avoid running any risk that the actions of the Fourth District Court of Appeal are void or without effect due to the automatic stay.

14. Cause exists to modify the automatic stay to allow the Appeal to proceed, as it will allow Doe's claim to be determined with finality and allow for a complete resolution of Doe's claim. The Appeal will not interfere with the case in any way or the Debtor's ability to propose a plan. Granting relief from the automatic stay will not prejudice Doe or any other creditor or party in interest.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) granting the Motion, (ii) modifying the automatic stay to permit the Appeal to proceed and the Debtor to prosecute the Appeal through judgment, and (iii) granting relief deemed just and proper.

Dated May 19, 2026
Coral Gables, FL

Respectfully submitted

By: /s/ D. Marcus Braswell, Jr.
D. Marcus Braswell, Florida Bar No. 146160
SUGARMAN, SUSSKIND & BRASWELL P.A.
150 Alhambra Circle, Suite 725
Coral Gables, FL 33134
Tel. (305) 529-2801
MBraswell@sugarmansusskind.com

*Counsel for the Debtor*

---

[5] *Id*.